# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# (TEXARKANA DIVISION)

| | |
|---|---|
| GHJ HOLDINGS, LLC, § | |
| § | |
| Relator, § | |
| § | CIVIL ACTION NO: 5:11-CV-00085 |
| vs. § | |
| § | |
| GARMIN INTERNATIONAL, INC., § | JUDGE: DAVID FOLSOM |
| GARMIN CORPORATION, § | |
| GARMIN USA, INC. AND § | |
| GARMIN LTD., § | **JURY TRIAL DEMANDED** |
| § | |
| Defendants. § | |
| § | |

## GARMIN'S MOTION TO DISMISS GHJ'S
## FIRST AMENDED COMPLAINT DUE TO LACK OF STANDING

At the close of briefing on Garmin's first motion to dismiss (Doc. No. 5), GHJ Holdings, LLC ("Relator" or "GHJ") filed its First Amended Complaint for False Patent Marking (Doc. No. 20). Thereafter, Garmin moved to dismiss the First Amended Complaint on the grounds that GHJ failed to plead the requisite "intent to deceive" element with the factual particularity required by Fed. R. Civ. P. 9(b) and *In re BP Lubricants USA, Inc.*, 637 F.3d 1307 (Fed. Cir. 2011). (Doc. No. 26). Garmin submits that Relator's complaint still fails to satisfy the pleading requirements of Rule 9.

However, since the filing of Relator's First Amended Complaint, Congress has passed—and on September 16, 2011, the President signed—H.R. 1249, which became Public Law 112-29. *See* Exhibit A, Public Law 112-29; *see also* Exhibit B (Signed Legislation, available at www.whitehouse.gov/briefing-room/signed-legislation, last visited Sept. 19, 2011). Public Law 112-29 amends 35 U.S.C. § 292 and completely removes Relator's standing to bring this action. *See* Public Law 112-29, § 16(b).

I.  **Amended Section 292 Removes Relator's Standing to Sue for a $500 Penalty Per Allegedly Falsely Marked Item and is Retroactive.**

H.R. 1249 modifies 35 U.S.C. § 292 by removing the right of *qui tam* plaintiff's to sue on behalf of injury to the government's sovereign interest. *Id.* at § 16(b)(1)–(2). It completely disallows private persons to sue for the $500 per mismarked item penalty previously authorized by § 292. *Id.* Amended § 292 only allows the United States itself to sue for such penalty. *Id.* Amended § 292 provides a cause of action for patent mismarking for a private person only to the extent that the private person is a competitor of the alleged mismarker, that the competitor suffers a competitive injury, and then only authorizes damages in an amount sufficient to compensate the competitor for the actual injury suffered. *Id.*

Specifically, amended 35 U.S.C. § 292 recites (additions shown in underline and deletions shown by strikeout):

> (a) Whoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee; or
> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public; or
> Whoever marks upon, or affixes to, or uses in advertising in connection with any article, the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public—
> Shall be fined not more than $500 for every such offense. <u>Only the United States may sue for the penalty authorized by this subsection.</u>
>
> (b) <u>A person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury.</u> ~~Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.~~

> (c) The marking of a product, in a manner described in subsection (a), with matter relating to a patent that covered that product but has expired is not a violation of this section.

See id. at § 16(b)(1)–(3).

Moreover, the above amendments made to § 292 by Public Law 112-29 are specifically intended to be retroactively applied to pending cases. *Id.* at § 16(b)(4) ("EFFECTIVE DATE.— The amendments made by this subsection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act.").

## II. GHJ Does Not Have Standing to Bring the First Amended Complaint.

GHJ's First Amended Complaint alleges that it "brings this *qui tam* action on behalf of the United States of America." (*See* Doc. No. 20 at ¶ 1). GHJ further alleges that Garmin's false marking "is injurious to the United States" (*see id.* at ¶ 58) and that GHJ has standing based upon injury to the sovereign interest of the United States and GHJ's status as "the United States' assignee" (*see id.* at ¶¶ 59, 60). GHJ requests a $500 per allegedly mismarked item penalty of which it claims it will share half with the U.S. government. (*See id.* at ¶ 76(B)).

Relator's First Amended Complaint does not allege that GHJ is a competitor to Garmin, or that GHJ, itself, has suffered a competitive injury. Nor does GHJ ever request the recovery of damages sufficient to compensate it for any actual injury that it has suffered.

Because GHJ is not a competitor to Garmin, has not alleged any competitive injury, and instead expressly indicates that it is suing to recover a $500 civil penalty for injury to the United States' sovereign interest, GHJ has failed to allege that it has standing under amended 35 U.S.C. § 292, which now applies to this case. For that reason, the First Amended Complaint should be dismissed.[1]

---

[1] Notably, this Court has dismissed, *sua sponte*, at least one false marking case following the passage of Public Law 112-29. *See e.g., Kilts Resources LLC v. Uniden Direct in USA, Inc.*,

### III.  Conclusion.

For the foregoing reasons, GHJ's First Amended Complaint (Doc No. 20) should be dismissed.

Dated:  September 21, 2011                    Respectfully submitted,

                             By:  */s/ Michelle L. Marriott*
                                Robert Christopher Bunt
                                State Bar No. 00787165
                                **PARKER, BUNT & AINSWORTH, P.C.**
                                100 East Ferguson, Ste. 1114
                                Tyler, TX 75702
                                Telephone: (903) 531-3535
                                Fax: (903) 533-9687

                                Adam Seitz, *pro hac vice*
                                Michelle L. Marriott
                                State Bar No. 24043802
                                Matthew Broaddus, *admission to be filed*
                                State Bar No. 24069423
                                **SHOOK, HARDY & BACON LLP**
                                2555 Grand Blvd.
                                Kansas City, MO  64108-2613
                                Telephone:  (816) 474-6550
                                Facsimile:  (816) 421-5547
                                Email:  mlmarriott@shb.com

                                **ATTORNEYS FOR DEFENDANTS:**
                                **GARMIN INTERNATIONAL, INC.,**
                                **GARMIN CORPORATION,**
                                **GARMIN USA, INC. AND**
                                **GARMIN LTD.**

---

Civil Action No. 2:10-cv-517 (Order dated September 19, 2011) (Ward, J.) (dismissing *qui tam* suit without prejudice for the false marking relator to "refile its complaint in the event Plaintiff can prove it has suffered a 'competitive injury' and it can satisfy the other requirements under the statute").

**GARMIN'S MOTION TO DISMISS DUE TO LACK OF STANDING**                                                                              4

## CERTIFICATE OF SERVICE

     I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 21st day of September 2011. Any other counsel of record will be served by First Class U.S. mail on this same date.

                                                    */s/ Michelle L. Marriott*
                                                    Attorney for Defendants